UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **VICTORY GLOBAL, LLC** *doing business as* Brough Brothers Distillery,<br><br>    **Plaintiff,**<br><br>V.<br><br>**FRESH BOURBON, LLC,**<br><br>    **Defendant.** | CIVIL ACTION NO. 5:21-62-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Victory Global, LLC's motion to dismiss (DE 20) defendant Fresh Bourbon, LLC's amended counterclaim.

Victory Global and Fresh Bourbon are both owned by African Americans, and both sell bourbon. Victory Global is owned and operated by three brothers with the last name Yarbrough and operates under the name Brough Brothers Distillery. (DE 20-1, Mem. at 3.) The Court will refer to Victory Global as Brough Brothers in this opinion.

   **I.    Facts**

Plaintiff Brough Brothers claims it is the "first and, and presently, the only African-American owned bourbon distillery in the Commonwealth of Kentucky . . . . ." (DE 1, Complaint, ¶3.) In the complaint, Brough Brothers asserts that defendant Fresh Bourbon falsely advertises that Fresh Bourbon is the "first black-owned bourbon distillery in Kentucky," and that it makes other related false claims. (DE 1, Complaint, ¶1.) Brough Brothers asserts that these claims are false because Fresh Bourbon is not a distillery at all.

In order to operate a bourbon distillery in Kentucky, Brough Brothers asserts, an entity must be licensed by the federal Alcohol and Tobacco Tax and Trade Bureau (TTB) and the Kentucky Department of Alcoholic Beverage Control (KABC). (DE 1, Complaint, ¶¶ 14-19.) While Brough Brothers has both federal and state permits to operate a distillery, it asserts that Fresh Bourbon does not. (DE 1, Complaint, ¶¶ 18, 20, 22, 24.) Fresh Bourbon explains in its answer that, "since at least as early as 2018, . . . Fresh Bourbon has been legally distilling its Fresh Bourbon brand of Kentucky bourbon in cooperation with an appropriately licensed Kentucky distillery." (DE 15, Answer ¶ 13.) Fresh Bourbon explains that it pays a licensed distillery to distill the bourbon it sells under the Fresh Bourbon brand. Thus, Fresh Bourbon asserts, it does not need to be a licensed distiller because the distiller that it contracts with has the required licenses. (DE 21, Mem. at 1.)

In its complaint, Brough Brothers asserts that, since Fresh Bourbon cannot legally own a bourbon "distillery" in Kentucky, it cannot possibly be the "first black-owned bourbon distillery in Kentucky." Brough Brothers asserts that *Brough Brothers* is the first black-owned bourbon distillery in Kentucky. In fact, Brough Brothers claims, it is the only black-owned bourbon distillery in Kentucky. (DE 1, Complaint, ¶ 3.)

Brough Brothers asserts a claim against Fresh Bourbon for false advertisement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). It also asserts common law claims for unfair competition and for tortious interference with business relationships and a claim under a Kentucky statute that prohibits use of false brands to deceive consumers. Ky. Rev. Stat. § 365.100.

Fresh Bourbon responded with a counterclaim, alleging that it is Brough Brothers that is guilty of false advertisement. It is the counterclaim that is the subject of this motion to dismiss.

Fresh Bourbon concedes that it does not yet have state or federal licenses to distill bourbon itself. (DE 15, Answer, ¶¶ 13, 15.) It does not dispute that, in December 2020, Brough Brothers began distilling bourbon at a distillery in Louisville, Kentucky. (DE 20-1, Mem. at 13; DE 21, Response at 1.) That bourbon, however, is not on the market yet. It is still aging in barrels. All of the Brough Brothers bourbon currently on the market was distilled in Indiana. (DE 15, Counterclaim, ¶ 2.) This is the bourbon that forms the basis for Count I of Fresh Bourbon's counterclaim. Fresh Bourbon asserts that Brough Brothers uses "Kentucky references and imagery" to falsely suggest that the bourbon distilled in Indiana is a "Kentucky bourbon." (DE 15, Counterclaim, ¶ 2.) Fresh Bourbon claims that this bourbon is not a "Kentucky bourbon"; it is an "Indiana bourbon." (DE 15, Answer ¶ 30, Counterclaim ¶ 25.)

In Count II of the counterclaim, Fresh Bourbon asserts that Brough Brothers also falsely claims that it is the first or only "African American owned distillery in the state of Kentucky." (DE 15, Counterclaim, ¶ 20.) Fresh Bourbon asserts that Brough Brothers does not own a distillery in Kentucky because it does not own the building in Louisville, Kentucky in which it is currently distilling bourbon. (DE 15, Counterclaim, ¶ 21.)

Fresh Bourbon asserts two counterclaims under Section 43(a) of the Lanham Act, and also asserts counterclaims under Kentucky common law for unfair competition and deceptive trade practices.

Brough Brothers moves to dismiss the counterclaims arguing 1) Fresh Bourbon does not have constitutional standing to assert the counterclaims and it does not have standing to assert claims under the Lanham Act; 2) Fresh Bourbon's claims are precluded by state and federal statutes and regulations; and 3) Fresh Bourbon has failed to state claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Standing

Brough Brothers argues that Fresh Bourbon has failed to allege any injury. This is a challenge to this Court's subject matter jurisdiction over this action. Accordingly, the Court will address this argument first.

Federal courts have only the power that is authorized by Article III of the Constitution and by federal statute. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606 (6th Cir. 2007). Thus, "a plaintiff must possess both constitutional and statutory standing in order for a federal court to have jurisdiction." *Id.*

"In evaluating a party's standing, this Court must determine whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on *his* behalf." *Id.* at 607 (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)) (internal quotations omitted).

Plaintiffs bear the burden of establishing standing. *Id.* "If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction." *Id.* "To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir.2001)) (internal quotations omitted).

As to its alleged injury, in the counterclaim, Fresh Bourbon asserts that it and Brough Brothers are direct competitors who both emphasize in their marketing that they are owned by African-Americans and that "they are the first African-American owned businesses involved with bourbon production." (DE 15, Counterclaim, ¶ 28.) Fresh Bourbon alleges that Brough Brothers' misrepresentations that it is the first and only "African American 'owned' distillery in Kentucky" and that its product distilled in Indiana is Kentucky bourbon "will directly and proximately cause competitive harm to Fresh Bourbon." (DE 15, Counterclaim, ¶ 29.) This is because, Fresh Bourbon alleges, "Brough Brothers['] false and misleading representations are intended to and will deceive current and potential customers of Fresh Bourbon" and "are material and are likely to influence purchasing decision[s]." (DE 15, Counterclaim, ¶¶ 26, 27.) As to the relief requested, Fresh Bourbon seeks both monetary damages and an injunction that would prohibit Brough Brothers from suggesting that its bourbon distilled in Indiana is Kentucky bourbon; that its bourbon "is the first Kentucky bourbon produced on behalf of an African American company" or that it is the "first African-American owned distillery in Kentucky." (DE 15, Counterclaim, Prayer for Relief, ¶¶ C, D, E.)

These allegations are sufficient to permit Fresh Bourbon to proceed on its counterclaim. Fresh Bourbon has alleged a concrete, particularized, actual or imminent injury consisting of the likely loss of sales to its current and potential customers. It has alleged that the injury is traceable to Brough Brothers' alleged misrepresentations, which Fresh Bourbon alleges, will influence purchasing decisions and deceive Fresh Bourbon's current and potential customers.

Further, Fresh Bourbon requests both monetary damages to compensate it for the loss of sales and an injunction to prevent Brough Brothers from continuing to make the alleged misrepresentations. Thus, a decision in Fresh Bourbon's favor would likely redress its alleged

injury. *See Kal Kan Foods, Inc. v. Iams Co.*, 197 F. Supp. 2d 1061, 1070 (S.D. Ohio 2002) ("Where the parties are direct competitors and injunctive relief is sought, a plaintiff may satisfy the 'injury in fact' and causation standing requirements by alleging that the false advertising of defendant's product is likely to cause the plaintiff to suffer a loss in sales.")

As to standing under the Lanham Act, it grants standing to "any person who believes that he or she is or is likely to be damaged by" false advertising. 15 U.S.C.A. § 1125(a). For standing under § 43(a) of the Lanham Act, "a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). Fresh Bourbon has alleged that it will likely be injured by loss of sales to current and potential customers. It also asserts that Brough Brothers' alleged misrepresentations are the proximate cause of that injury. These are sufficient allegations for standing under the Lanham Act. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011) ("[A] false advertising plaintiff need only believe that he is *likely* to be injured in order to bring a Lanham Act claim. 15 U.S.C. § 1125(a).")

The Court notes that, while Brough Brothers contests whether Fresh Bourbon has made sufficient allegations in the counterclaim to establish standing, Brough Brothers makes substantially the same standing allegations in its complaint. It alleges that Fresh Bourbon "is in a competing business with [Brough Brothers] in that both are African American owned Kentucky bourbon companies." (DE 1, Complaint, ¶ 45.) It alleges that Fresh Bourbon's alleged misrepresentations "actually deceived or are intended to deceive current and potential customers of" Brough Brothers bourbon and "are likely to influence purchasing decisions." (DE 1, Complaint, ¶¶ 35-36.)

6

### III. Preclusion of claims by statute or regulation

Brough Brothers also argues that Fresh Bourbon's counterclaim under the Lanham Act and Fresh Bourbon's counterclaims under Kentucky common law must be dismissed because the claims are precluded by certain statutes and regulations governing the TTB and the KABC.

As to the statutory and regulatory scheme governing the TTB, the "Federal Alcohol Administration Act (FAAA), which became law in 1935 shortly after the repeal of Prohibition, was designed as a comprehensive statute to deal with practices within the alcohol beverage industry that Congress had judged to be unfair and deceptive, resulting in harm to both competitors and consumers." *Adolph Coors Co. v. Br*ady, 944 F.2d 1543, 1547 (10th Cir. 1991) (footnote omitted). The statute requires alcoholic beverages to be "bottled, packaged, and labeled in conformity with . . . regulations, to be prescribed by the Secretary of the Treasury." 27 U.S.C. § 205(e). Those regulations must "prohibit deception of the consumer with respect to such products" and "provide the consumer with adequate information as to the identity and quality of the product." *Id*.

The regulations prohibit any label on a bottle of distilled spirits from containing: any statement or representation "that is false or untrue in any particular," 27 C.F.R. § 5.102, or that, "irrespective of falsity . . . is misleading to consumers as to the age, origin, identity, or other characteristics of the distilled spirits, or with regard to any other material factor." 27 C.F.R. § 5.122(a). Distilled spirits cannot be bottled unless the bottler has a "certificate of label

approval" (COLA) issued by the TTB or an exemption from the COLA requirement. 27 C.F.R. § 5.21(b).

Brough Brothers argues that, because Congress has given the TTB the authority to determine if a label is false or misleading or incorrectly uses a geographical name, Fresh Bourbon cannot assert a claim under the Lanham Act based on an allegedly misleading label. The only case Brough Brothers cites in support of this argument is *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014).

In that case, a company called POM Wonderful LLC, which makes and sells a pomegranate-blueberry juice blend, asserted a claim under § 43 of the Lanham Act against Coca Cola Company. At the time, Coca Cola made and sold a juice blend that it described as "pomegranate blueberry" on its label but, "[i]n truth, the Coca-Cola product contains but 0.3% pomegranate juice and 0.2% blueberry juice." *Id*. at 105. The issue before the Supreme Court was whether the Federal Food, Drug, and Cosmetic Act (FDCA) precluded POM Wonderful's claim under § 43 of the Lanham Act.

The FDCA prohibits "false or misleading" labels on food or drink. *Id*. at 108 (citing 21 U.S.C. §§ 321(f), 343(a)) It also prohibits labels if required information is not "prominently placed" on the label. *Id*. (citing 21 U.S.C. §343(f)). To implement these provisions, the Food and Drug Administration (FDA) promulgated regulations regarding food and beverage labeling, including the labeling of mixes of different types of juices into one juice blend. *Id*. (citing 21 C.F.R. § 102.33).

The Court determined that the FDCA did not preclude the Lanham Act claim because "neither the Lanham Act nor the FDCA, in express terms, forbids or limits Lanham Act claims challenging labels that are regulated by the FDCA." *Id*. at 113,

8

Further, the Court determined, the FDCA and Lanham Act complement each other. "Although both statutes touch on food and beverage labeling, the Lanham Act protects commercial interests against unfair competition, while the FDCA protects public health and safety." *Id*. at 115. Enforcement of the FDCA and its implementing regulations is "largely committed to the FDA." *Id*. But the FDA does not have the same expertise that competitors in a market have in assessing unfair competition practices. *Id.* "Lanham Act suits draw upon this market expertise by empowering private parties to sue competitors to protect their interests on a case-by-case basis." *Id*.

The same is true here with regard to labeling in the bourbon industry. Brough Brothers points to no provision of the Lanham Act or the statutes or regulations governing the TTB that, in express terms, forbids or limits Lanham Act claims challenging labels that are regulated by the TTB. Nor has the Court located any such provision. Moreover, like the FDA at issue in *POM Wonderful*, the TTB does not have the same expertise in assessing unfair competition practices that competitors possess. *Id.*

Brough Brothers points out that, in *POM Wonderful*, the Supreme Court noted that the FDA "does not preapprove food and beverage labels" but "instead relies on enforcement actions, warning letters, and other measures." *Id*. at 116. Further, the Court noted, the FDA had acknowledged that it does not necessarily "pursue enforcement measures regarding all objectionable labels." *Id*. Thus, the Court determined, "if Lanham Act claims were to be precluded then commercial interests—and indirectly the public at large—could be left with less effective protection in the food and beverage labeling realm than in many other, less regulated industries. It is unlikely that Congress intended the FDCA's protection of health and safety to

result in less policing of misleading food and beverage labels than in competitive markets for other products." *Id*.

Brough Brothers argues that the TTB must review and approve all labels before any distilled spirit is placed on the market. Thus, Brough Brothers argues, this case is different from *POM Wonderful*, and the Court should find that a competitor is precluded from bringing a Lanham Act claim based on a misleading label.

The fact that the FDA does not preapprove beverage labels, however, was not dispositive or even denoted as significant in the Supreme Court's analysis in *POM Wonderful*. Instead, the Court found of "special significance" the fact that neither the Lanham Act nor the FDCA expressly forbids a Lanham Act claim challenging a label regulated by the FDCA. *Id*. at 113. The Court found that the absence of any such provision especially significant because both acts had "coexisted since the passage of the Lanham Act in 1946." *Id*. at 113. "If Congress had concluded, in light of experience, that Lanham Act suits could interfere with the FDCA, it might well have enacted a provision addressing the issue during these 70 years." *Id*. The Court found the fact that Congress had not done so "powerful evidence that Congress did not intend FDA oversight to be the exclusive means of ensuring proper food and beverage labeling." *Id*. (internal quotations and citation omitted).

Similarly, the FAAA and the Lanham Act have coexisted for over 75 years. Neither contains a provision prohibiting Lanham Act claims challenging labels that are regulated by the FAAA. In accordance with *POM Wonderful*, the Court finds this especially significant and powerful evidence that Congress did not intend TTB oversight to be the exclusive means of ensuring the proper labeling of bourbon and other distilled spirits.

As to Fresh Bourbon's state law claims, Brough Brothers argues that the Kentucky legislature has set forth some requirements for labeling whiskey products in Kentucky Revised Statute § 244.370. That statute applies to "whiskey produced from grains which are cooked, fermented and distilled in Kentucky." It prohibits the label of such whiskey from containing the word "Kentucky" or "any word or phrase implying Kentucky origin" unless the whiskey has been aged in oak barrels for at least one year.

The statute delegates authority to the KABC to revoke a licensee's permit for any violations of the statute. Brough Brothers argues, therefore, that Fresh Bourbon is precluded from asserting a claim for misleading labeling under Kentucky common law. Brough Brothers cites no cases, statutes, or other authority that would support this argument. In fact, a Kentucky statute provides that "a person injured by the violation of *any statute* may recover from the offenders such damages as he sustained by reason off the violation. . . ." Ky. Rev. Stat. § 446.070 (emphasis added). Thus, the Kentucky legislature, far from indicating that competitors may not pursue claims for violations of the state's whiskey labeling requirements, appears to have granted them a private right of action. Moreover, § 244.370 would not appear to apply to the Brough Brothers bourbon that was distilled in Indiana.

The Court cannot find based on the arguments presented by Brough Brothers that Fresh Bourbon's common law claims for unfair competition and deceptive trade practices are precluded by KRS § 244.370.

IV. **Sufficiency of the allegations**

Finally, Brough Brothers argues that Fresh Bourbon has not made sufficient allegations in its counterclaim to state a claim. To state a cause of action for false or misleading advertising under § 43(a) of the Lanham Act, a plaintiff must sufficiently allege that:

11

>  (1) the defendant has made false or misleading statements of fact concerning his own product or another's;
>  (2) the statement actually or tends to deceive a substantial portion of the intended audience;
>  (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions;
>  (4) the advertisements were introduced into interstate commerce; and
>  (5) that there is some causal link between the challenged statements and harm to the plaintiff.

*Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery*, 185 F.3d 606, 613 (6th Cir.1999).

Brough Brothers argues that Fresh Bourbon's § 43(a) claim and its common law claims for unfair competition and deceptive trade practices must be dismissed under Federal Rule 12(b)(6) for failure to state a claim because 1) Brough Brothers' bottle label could not lead any reasonable consumer into believing that the Brough Brothers' bourbon that was distilled in Indiana is Kentucky bourbon; and 2) Brough Brothers does own a "Kentucky distillery." Brough Brothers does not argue that a § 43(a) claim is subject to the heightened pleading standards of Federal Rule of Procedure 9(b). For purposes of this motion, the Court assumes that it is not.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). The court must "construe the complaint in the light most favorable to the [nonmovant],

12

accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

With Count I of the counterclaim, Fresh Bourbon asserts that Brough Brothers has deceived consumers into believing that the Brough Brothers bourbon that was distilled in Indiana is "Kentucky bourbon." Fresh Bourbon does not explicitly allege what makes a bourbon a "Kentucky bourbon." Various processes are involved in producing a finished bottled of bourbon, including fermentation, distillation, barrel aging, and bottling. Fresh Bourbon alleges that the Brough Brothers bourbon that was distilled in Indiana is an "Indiana bourbon," not a Kentucky bourbon. Brough Brothers concedes that its bourbon that is currently on the market was distilled in Indiana but asserts that this bourbon was aged and bottled in Kentucky. (DE 20-1, Mem. at 13.) Thus, the counterclaim can be fairly construed to focus on the distillation process and to assert that a "Kentucky bourbon" must be distilled in Kentucky. The counterclaim can be further construed to assert that Brough Brothers misrepresents that its bourbon currently on the market was distilled in Kentucky.

A problem with this allegation is that the bottle label explicitly states that the bourbon was distilled in Indiana. Thus, this case is similar to *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241 (3rd Cir. 2011). In that case, plaintiff Pernod Ricard filed a Lanham Act claim against Bacardi alleging that the name "Havana Club" on Bacardi's rum bottle misled consumers into believing that Pernod Ricard's rum was "produced in Cuba," when, in fact, the rum was distilled in Puerto Rico. *Id*. at 245-47. The Third Circuit determined that the "Havana Club" label "taken as a whole, could not mislead any reasonable consumer about where Bacardi's rum is made. . . . " *Id*. at 250. This was because, despite the fact that the word Havana was on the label, the label also clearly stated on the front that the liquor was "Puerto Rican Rum," and, on the back, that it was "distilled and crafted in Puerto Rico." *Id*. at 252. Thus, the meaning of the label as a whole was "not open to attack through a consumer survey." *Id*. Instead, the case was one "in which a court can properly say that no reasonable person could be misled by the advertisement in question." *Id*.

It is true that the Brough Brothers label contains drawings of various images, some of which are associated with Kentucky. But the Brough Brothers bourbon currently on the market does have some association with Kentucky. The bottle label states it was bottled here. Further, the Brough Brothers are themselves from Kentucky. The bottle label states this also. The Kentucky-associated images do not specifically indicate that the bourbon was distilled in Kentucky. Furthermore, to the extent any consumer might get that impression, the back of the bottle label explicitly states that the bourbon is "DISTILLED IN INDIANA." Thus, much like the label at issue in *Pernod Ricard*, the Brough Brothers label could not mislead any reasonable consumer about where the bourbon inside was distilled. *Id*. at 253.

As in *Pernod Ricard*, viewing the Kentucky images on the label in the context of the entire label, any thought a consumer might have that the images indicate where the bourbon was distilled "must certainly be dispelled by the plain and explicit statement" on the label that the bourbon is distilled in Indiana. *Id*. This is a factually accurate, unambiguous statement as to where the bourbon was distilled. No reasonable consumer could be misled by that statement, and the rest of the label does not put the statement in doubt. *Id*. at 252. Thus, Count I of the counterclaim must be dismissed to the extent that it is based on an alleged misrepresentation on the bottle label that Brough Brothers bourbon is distilled in Kentucky.

In addition to the alleged misrepresentation on the bottle label, with regard to Count I, Fresh Bourbon asserts that the Brough Brothers "website and promotion" of its bourbon currently on the market also uses Kentucky references and imagery to suggest that the bourbon was distilled in Kentucky. (DE 15, Counterclaim, ¶ 2.) Fresh Bourbon alleges that the only bourbon that Brough Brothers currently sells on its website is the bourbon that was distilled in Indiana. (DE 15, Counterclaim, ¶ 23.) Yet, Fresh Bourbon alleges, "nowhere on the Brough Brothers Internet website do they acknowledge that their bourbon is Indiana Bourbon, or at least not Kentucky bourbon." (DE 15, Counterclaim, ¶ 18.) Fresh Bourbon alleges that, instead, the website states that Brough Brothers Distillery is "Kentucky's first African-American owned distillery." (DE 15, Counterclaim, ¶ 24.)

The website's discussion of the Brough Brothers' Kentucky distillery without any mention of the fact that its bourbon currently on the market was distilled in Indiana could mislead a reasonable consumer about where that bourbon was distilled. Accordingly, Count I of the counterclaim will not be dismissed in its entirety.

15

With Count II of the counterclaim, Fresh Bourbon alleges that Brough Brothers falsely claims that it is "the first African American owned distillery in the state of Kentucky." (DE 15, Counterclaim, ¶ 20.) As discussed, since late 2020, Brough Brothers began distilling its bourbon in a building located in Louisville, Kentucky. Fresh Bourbon alleges that Brough Brothers still down not own a distillery, however, because the building where Brough Brothers is distilling its bourbon is owned by RQB Properties LTD. (DE 15, Counterclaim, ¶ 21.) In its response brief, Fresh Bourbon states that Brough Brothers rents the facility in Louisville where Brough Brothers is now distilling bourbon. (DE 21, Mem. at 19).

This claim will be dismissed. Brough Brothers' statement that it owns a distillery is not a false or misleading statement of fact about its product or services. Fresh Bourbon argues that this statement would mislead consumers into believing that Brough Brothers owns the building in which it operates its distilling business. It is common practice, however, for business owners to lease the facilities from which they operate their businesses. An individual who operates a coffee shop out of a leased space can truthfully state that he owns a coffee shop; an individual who operates a restaurant out of a leased space can truthfully state that she owns a restaurant; and a licensed distiller that operates a distillery out of a leased space can truthfully state that it owns a distillery. These statements would not lead a reasonable consumer to believe that the business owner owns the building from which it operates its business.

### V. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) Brough Brothers' motion to dismiss (Docket Entry 20) the counterclaims against it is GRANTED in part and DENIED in part as follows:

    a) The motion is GRANTED as to Fresh Bourbon's claim under § 43(a) of the Lanham Act and its common law claims for unfair competition and common law deceptive trade practices contained in Count I of the counterclaim to the extent those claims are based on an alleged misrepresentation on the Brough Brothers' bottle label that its bourbon that was distilled in Indiana was distilled in Kentucky;

    b) The motion is GRANTED as to the claim under § 43(a) of the Lanham Act and the common law claims for unfair competition and deceptive trade practices contained in Count II of the counterclaim; and

    c) the motion is otherwise DENIED.

2) Brough Brothers' first motion to dismiss filed at Docket Entry 13 is DENIED as moot. That motion was directed at the original counterclaim filed by Fresh Bourbon. Fresh Bourbon filed an amended counterclaim after the first motion to dismiss was filed. Brough Brothers then filed a second motion to dismiss aimed at the amended counterclaim. Accordingly, the first motion to dismiss is moot.

As a result of this opinion, the sole remaining counterclaims are Fresh Bourbon's claim under § 43(a) of the Lanham Act and its common law claims for unfair competition and deceptive trade practices to the extent those claims are based on its allegation that Brough Brothers' website contains misrepresentations that could lead a reasonable consumer to believe that the Brough Brothers bourbon that was distilled in Indiana was distilled in Kentucky.

This 14th day of March, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY