UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **VICTORY GLOBAL, LLC** *doing business as* Brough Brothers Distillery,<br><br>    **Plaintiff,**<br><br>V.<br><br>**FRESH BOURBON, LLC,**<br><br>    **Defendant.** | CIVIL ACTION NO. 5:21-62-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on plaintiff Victory Global, LLC's motion for a declaration of rights (DE 31). For the following reasons, the motion must be denied.

Victory Global and Fresh Bourbon are both owned by African Americans, and both sell bourbon. Victory Global is owned and operated by three brothers with the last name Yarbrough and operates under the name Brough Brothers Distillery. (DE 20-1, Mem. at 3.) The Court will refer to Victory Global as Brough Brothers in this opinion.

Plaintiff Brough Brothers claims it is the "first and, and presently, the only African-American owned bourbon distillery in the Commonwealth of Kentucky . . . . ." (DE 1, Complaint, ¶3.) In the complaint, Brough Brothers asserts that defendant Fresh Bourbon makes various false claims in its advertisements including that is the "first black-owned bourbon distillery in Kentucky." (DE 1, Complaint, ¶1.) Brough Brothers asserts that this claim is false because Fresh Bourbon is not a distillery at all.

In order to operate a bourbon distillery in Kentucky, Brough Brothers asserts, an entity must be licensed by the federal Alcohol and Tobacco Tax and Trade Bureau (TTB) and the Kentucky

Department of Alcoholic Beverage Control (KABC). (DE 1, Complaint, ¶¶ 14-19.) While Brough Brothers has both federal and state permits to operate a distillery, it asserts that Fresh Bourbon does not. (DE 1, Complaint, ¶¶ 18, 20, 22, 24.) Fresh Bourbon explains in its answer that, "since at least as early as 2018, . . . Fresh Bourbon has been legally distilling its Fresh Bourbon brand of Kentucky bourbon in cooperation with an appropriately licensed Kentucky distillery." (DE 15, Answer ¶ 13.) Fresh Bourbon explains that it pays a licensed distillery to distill the bourbon it sells under the Fresh Bourbon brand. (DE 21, Mem. at 1.)

In its complaint, Brough Brothers asserts that, since Fresh Bourbon cannot legally own a bourbon "distillery" in Kentucky, it cannot possibly be the "first black-owned bourbon distillery in Kentucky." Brough Brothers asserts that *Brough Brothers* is the first Black-owned bourbon distillery in Kentucky. In fact, Brough Brothers claims, it is the only Black-owned bourbon distillery in Kentucky. (DE 1, Complaint, ¶ 3.)

Brough Brothers asserts a claim against Fresh Bourbon for false advertisement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). It also asserts common law claims for unfair competition and for tortious interference with business relationships and a claim under a Kentucky statute that prohibits use of false brands to deceive consumers. Ky. Rev. Stat. § 365.100.

As for the remedies that Brough Brothers asserts, it requests compensatory damages as well as an injunction that would prohibit Fresh Bourbon from continuing to state that it is the first Black-owned distillery in Kentucky and from making other related statements. Brough Brothers also seeks a declaration, pursuant to 28 U.S.C. § 2201(a), that it is the first Black-owned distillery in Kentucky and other related declarations.

With this motion, Brough Brothers asks the Court only to declare that "Fresh Bourbon is not the first Black-owned distillery in Kentucky." (DE 31, Mem. at 10.) It does not move for judgment in its favor on any substantive claims.

A declaratory judgment is a remedy, however, not an independent claim. *See, e.g., Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016); *Acrisure, LLC v. Hudak*, No. 1:22-CV-17, 2022 WL 3025533, at *5 (W.D. Mich. Aug. 1, 2022). "[A] declaratory judgment action is a procedural device used to vindicate substantive rights." *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (quoting *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir.1992)). Thus, in order to be entitled to declaratory judgment, a plaintiff "must first succeed on a cognizable cause of action." *Hancock v. Miller*, No. 2:19-CV-00060, 2020 WL 1493609, at *22 (M.D. Tenn. Mar. 27, 2020) (quoting *Duncan v. Tenn. Valley Auth. Ret. Sys.*, 123 F. Supp. 3d 972, 982 (M.D. Tenn. 2015), *aff'd*, 852 F. App'x 914 (6th Cir. 2021). *See also Days Inn Worldwide, Inc. v. Sai Baba, Inc.*, 300 F. Supp.2d 583, 592-593 (N.D. Ohio 2004), ("A request for declaratory judgment must accompany the substantive claim for which declaratory judgment is sought.") Plaintiffs must link their request for declaratory judgment "to an underlying substantive claim for relief." *Id*.

The Court has not entered judgment in Brough Brothers' favor on any of its claims. Brough Brothers has not asked the Court to do so. Accordingly, the Court is unable to grant it the requested declaration as a remedy.

For all these reasons, the Court hereby ORDERS that Brough Brothers' motion for declaration of rights (DE 31) and Fresh Bourbon's motion for oral argument (DE 34) are DENIED.

This 28th day of February, 2023.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY