UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **VICTORY GLOBAL, LLC** *doing business as* Brough Brothers Distillery,<br><br>    **Plaintiff,**<br><br>V.<br><br>**FRESH BOURBON, LLC,**<br><br>    **Defendant.** | CIVIL ACTION NO. 5:21-62-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Victory Global, LLC's motion to voluntarily dismiss (DE 79) is remaining counterclaim. The motion will be granted.

Victory Global and Fresh Bourbon are both owned by African Americans, and both sell bourbon. Victory Global is owned and operated by three brothers with the last name Yarbrough and operates under the name Brough Brothers Distillery. (DE 20-1, Mem. at 3.) The Court will refer to Victory Global as Brough Brothers in this opinion.

Plaintiff Brough Brothers claims it is the "first and, and presently, the only African-American owned bourbon distillery in the Commonwealth of Kentucky . . . . ." (DE 1, Complaint, ¶3.) In the complaint, Brough Brothers asserts that defendant Fresh Bourbon falsely advertises that Fresh Bourbon is the "first black-owned bourbon distillery in Kentucky," and that it makes other related false claims. (DE 1, Complaint, ¶1.) Brough Brothers asserts that these claims are false because Fresh Bourbon is not a distillery at all.

In order to operate a bourbon distillery in Kentucky, Brough Brothers asserts, an entity must be licensed by the federal Alcohol and Tobacco Tax and Trade Bureau (TTB) and the Kentucky

Department of Alcoholic Beverage Control (KABC). (DE 1, Complaint, ¶¶ 14-19.) While Brough Brothers has both federal and state permits to operate a distillery, it asserts that Fresh Bourbon does not. (DE 1, Complaint, ¶¶ 18, 20, 22, 24.) Fresh Bourbon explains in its answer that, "since at least as early as 2018, . . . Fresh Bourbon has been legally distilling its Fresh Bourbon brand of Kentucky bourbon in cooperation with an appropriately licensed Kentucky distillery." (DE 15, Answer ¶ 13.) Fresh Bourbon explains that it pays a licensed distillery to distill the bourbon it sells under the Fresh Bourbon brand. Thus, Fresh Bourbon asserts, it does not need to be a licensed distiller because the distiller that it contracts with has the required licenses. (DE 21, Mem. at 1.)

In its complaint, Brough Brothers asserts that, since Fresh Bourbon cannot legally own a bourbon "distillery" in Kentucky, it cannot possibly be the "first black-owned bourbon distillery in Kentucky." Brough Brothers asserts that *Brough Brothers* is the first black-owned bourbon distillery in Kentucky. In fact, Brough Brothers claims, it is the only black-owned bourbon distillery in Kentucky. (DE 1, Complaint, ¶ 3.)

Brough Brothers asserts a claim against Fresh Bourbon for false advertisement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). It also asserts common law claims for unfair competition and for tortious interference with business relationships and a claim under a Kentucky statute that prohibits use of false brands to deceive consumers. Ky. Rev. Stat. § 365.100.

Fresh Bourbon responded with a counterclaim, alleging that it was Brough Brothers that was guilty of false advertisement. Fresh Bourbon concedes that it does not yet have state or federal licenses to distill bourbon itself. (DE 15, Answer, ¶¶ 13, 15.) It does not dispute that, in December 2020, Brough Brothers began distilling bourbon at a distillery in Louisville,

Kentucky. (DE 20-1, Mem. at 13; DE 21, Response at 1.) That bourbon, however, is not on the market yet. It is still aging in barrels. All of the Brough Brothers bourbon currently on the market was distilled in Indiana. (DE 15, Counterclaim, ¶ 2.) This is the bourbon that forms the basis for Count I of Fresh Bourbon's counterclaim. Fresh Bourbon asserts that Brough Brothers uses "Kentucky references and imagery" to falsely suggest that the bourbon distilled in Indiana is a "Kentucky bourbon." (DE 15, Counterclaim, ¶ 2.) Fresh Bourbon claims that this bourbon is not a "Kentucky bourbon"; it is an "Indiana bourbon." (DE 15, Answer ¶ 30, Counterclaim ¶ 25.)

In Count II of the counterclaim, Fresh Bourbon asserts that Brough Brothers also falsely claims that it is the first or only "African American owned distillery in the state of Kentucky." (DE 15, Counterclaim, ¶ 20.) Fresh Bourbon asserts that Brough Brothers does not own a distillery in Kentucky because it does not own the building in Louisville, Kentucky in which it is currently distilling bourbon. (DE 15, Counterclaim, ¶ 21.)

Fresh Bourbon asserted two counterclaims under Section 43(a) of the Lanham Act, and also asserts counterclaims under Kentucky common law for unfair competition and deceptive trade practices.

By opinion dated March 14, 2022 (DE 24), the Court dismissed a portion of Count I of Fresh Bourbon's counterclaim and all of Count II of the counterclaim. The Court explained that, as a result of the opinion, the sole remaining counterclaims were Fresh Bourbon's claim under § 43(a) of the Lanham Act and its common law claims for unfair competition and deceptive trade practices to the extent those claims are based on its allegation that Brough Brothers' website contains misrepresentations that could lead a reasonable consumer to believe that the Brough Brothers bourbon that was distilled in Indiana was distilled in Kentucky.

With this motion, Fresh Bourbon moves to voluntarily dismiss "its remaining counterclaim." The Court construes this as a motion to dismiss the counterclaims that the Court identified in the March 14, 2022 opinion as remaining. Brough Brothers does not object. Accordingly, the Court hereby ORDERS as follows:

1) Fresh Bourbon's motion to dismiss its counterclaim (DE 79) is GRANTED;

2) Fresh Bourbon's claim under § 43(a) of the Lanham Act and its common law claims for unfair competition and deceptive trade practices to the extent those claims are based on its allegation that Brough Brothers' website contains misrepresentations that could lead a reasonable consumer to believe that the Brough Brothers bourbon that was distilled in Indiana was distilled in Kentucky are DISMISSED; and

3) As a result of this opinion and the March 14, 2022 opinion, all Fresh Bourbon's counterclaims are dismissed.

This 18th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY